JOSEPH et al., Appellants,

v.

M.B.N.A. AMERICA BANK, N.A., Appellee.

[Cite as *Joseph v. M.B.N.A. Am. Bank, N.A.,* 148 Ohio App.3d 660, 2002-Ohio-4090.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 80423.

Decided Aug. 8, 2002.

John E. Duda and Frank A. Raso, for appellants.

Squire, Sanders & Dempsey, L.L.P., Jill G. Okun and Maureen Sheridan Kenny, for appellee.

MICHAEL J. CORRIGAN, Judge.

{¶ 1} Plaintiffs Gerald Joseph, Barbara Joseph and Alan Moskowitz (collectively referred to in the singular as "Joseph") are holders of credit cards issued by defendant M.B.N.A. America Bank, N.A. He alleged that M.B.N.A. violated Regulation Z, Section 226, Title 12, C.F.R. et seq. when it failed to investigate a vendor transaction, failed to credit Joseph's account, and failed to correct a billing error by the vendor. Citing an arbitration clause in the credit card agreement, M.B.N.A. asked the court to stay the proceedings and order arbitration. The court granted the stay over Joseph's objection. The sole issue on appeal is whether the court erred by granting the stay.

{¶ 2} The evidentiary materials submitted with both the motion to stay arbitration and the opposition thereto show that M.B.N.A. issued the credit card on June 19, 1999. At that time, the credit card agreement did not contain an arbitration agreement. The credit card agreement did, however, contain a provision that gave M.B.N.A. the right to amend the agreement upon furnishing proper notice of intent to do so. On December 20, 1999, M.B.N.A. sent all of its cardholders notice of its intent to amend the credit card agreement to incorporate an arbitration provision. The proposed arbitration agreement provided:

{¶ 3} "Any claim or dispute ('Claim') by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief) * * * shall be resolved by binding arbitration."

{¶ 4} The proposed amendment to the credit card agreement told cardholders that if they wished to reject the amended arbitration provision, they were required to give notice in writing to be received by M.B.N.A. no later than January 25, 2000, or the attempted rejection would not be effective. M.B.N.A. received no notice of rejection from Joseph.

{¶ 5} Joseph makes a number of arguments on appeal to the effect that the amendment of the credit card agreement was invalid on contract or other

grounds.  The necessary predicate to these arguments is a consideration whether the arbitration provision would actually cover the circumstances of this case.  It is basic law that a party cannot be required to arbitrate that which has not been agreed as a subject of arbitration.  See *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.* (1960), 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409.

{¶ 6}  The arbitration provision states:

{¶ 7}  "**ARBITRATION**: Any claim or dispute ('Claim') by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration Section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding arbitration."

{¶ 8}  This is a very broad arbitration clause and fully encompasses Joseph's claims filed under the Truth in Lending Act ("TILA").  An identical clause has been held as encompassing claims made under TILA. See *Lloyd v. MBNA Am. Bank, N.A.* (D.Del.2001), 2001 WL 194300, affirmed by unpublished opinion, 27 Fed.Appx. 82, 2002 WL 21932.  Joseph's claims fall within the arbitration clause.

{¶ 9}  Joseph next argues that M.B.N.A. invalidly amended the credit card agreement to include an arbitration clause.  M.B.N.A. is a Delaware corporation, and Del.Code Ann. Title 5, Section 952(a) expressly permits banks to amend credit card agreements to add arbitration clauses:

{¶ 10}  "Unless the agreement governing a revolving credit plan otherwise provides, a bank may at any time and from time to time amend such agreement in any respect, whether or not the amendment or the subject of the amendment was originally contemplated or addressed by the parties or is integral to the relationship between the parties.  Without limiting the foregoing, such amendment may change terms by the addition of new terms or by the deletion or modification of existing terms, whether relating to * * * *arbitration or other alternative dispute resolution mechanisms*." (Emphasis added.)

{¶ 11}  The ability to amend a credit card agreement is subject to an "opt-out" availability that permits the card holder the choice whether to accept the amendment.  See Del.Code Ann. Title 5, Sections 952(b)(2) and (5).  The opt-out availability has been held valid as a means of enforcing the ability to amend the credit card agreement.  See *Edelist v. MBNA Am. Bank* (Del.Sup.Ct.2001), 790 A.2d 1249; *Pick v. Discover Fin. Serv.* (D.Del.2001), 2001 WL 1180278, 2001 U.S.Dist. Lexis 15777; *Fields v. Howe* (S.D.Ind.2002), 2002 WL 418011, 2001 U.S.Dist. Lexis 4515.

{¶ 12}  M.B.N.A. included an opt-out clause for Joseph, but he did not use it.  Consequently, he must be held to the amendment of the credit card agreement.  We also note that M.B.N.A.'s method of giving notice—including the amendment in a mailing to card holders—has been upheld by many courts.  See *Stiles v. Home Cable Concepts, Inc.* (M.D.Ala.1998), 994 F.Supp. 1410; cf. *Grasso v. First USA Bank* (Del.Sup.Ct.1998), 713 A.2d 304, 311 (upholding amendment increasing interest rate where credit card agreement authorized bank to amend terms and conditions); *Herrington v. Union Planters Bank, N.A.* (S.D.Miss.2000), 113 F.Supp.2d 1026 (permitting bank to impose arbitration by mailing clause to customers, although customers did not sign any document);  but, see, *Badie v. Bank of Am.* (1998), 67 Cal.App.4th 779, 79 Cal.Rptr.2d 273, 277 (holding that bank could not amend the terms of credit card account agreements by adding an arbitration clause, despite provisions in the account agreements authorizing the bank to change terms of the accounts).

{¶ 13}  We also reject Joseph's claim that the amendment is unconscionable because it is a "one-sided self-serving" provision.  The courts have routinely rejected this kind of argument, finding that the opt-out clause gave Joseph the right to terminate the agreement on his own accord.  See, e.g., *Hale v. First USA Bank, N.A.* (S.D.N.Y.2001), 2001 WL 687371, 2001 U.S.Dist. Lexis 8045; *Frerichs v. Credential Serv. Internatl.* (N.D.Ill.1999), 1999 Lexis 22811.  Moreover, the arbitration amendment was not so one-sided as to be per se unconscionable.  In *Marsh v. First USA Bank, N.A.* (N.D.Tex.2000), 103 F.Supp.2d 909, 919, the district court considered an identical issue and stated:

{¶ 14}  "In the instant case, while the arbitration provision may have been presented in a take-it-or-leave-it manner, the Court cannot say that it is so lopsided in Defendant's favor as to be oppressive or prejudicial.  The arbitration provision standing alone does not present an opportunity for one party to gain an unfair advantage over the other in arbitration, any more than the inclusion of a forum selection clause would impede a just result in a court of law."

{¶ 15}  Joseph also complains that the amendment of the credit card agreement was unsupported by valid consideration.  In *Pick v. Discover Fin. Serv.*, the court considered the same issue concerning the consideration to support the amendment of a credit card agreement to include an arbitration clause and stated:

{¶ 16}  "Moreover, mutuality is not a requirement of a valid arbitration clause, provided that the underlying contract is supported by consideration.  See *Harris* [*v. Green Tree Fin. Corp.* (C.A.3, 1999), 183 F.3d 173] at 180.  The court finds that the Agreement, pursuant to which plaintiff received the benefits of the Card and defendant gained plaintiff's subscription, is supported by adequate consider-

ation. Therefore, no mutuality is necessary to ensure validity of the Arbitration Section." See, also, *Bank One, N.A. v. Coates* (S.D.Miss.2001), 125 F.Supp.2d 819, fn. 7; *Frerichs v. Credential Serv. Internatl.*, 1999 U.S.Dist. Lexis 22811, at 20–21.

{¶ 17} Finally, the use of arbitration clauses has been too well established to permit Joseph's remaining arguments concerning the constitutionality of arbitration clauses under both the United States and Ohio Constitutions. We reject those arguments without further discussion. The assigned error is overruled.

Judgment affirmed.

KENNETH A. ROCCO, P.J., and DIANE KARPINSKI, J., concur.