[Cite as *Anthony v. Princeton Trading Group, Inc.*, 2012-Ohio-1834.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 97460

---

## DONALD D. ANTHONY, M.D.

PLAINTIFF-APPELLEE

vs.

## PRINCETON TRADING GROUP, INC., ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-758454

**BEFORE:**    Blackmon, A.J., S. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**        April 26, 2012

**ATTORNEY FOR APPELLANTS**

Mark E. Porter
Gallup & Burns
The Leader Bldg., Suite 810
526 Superior Avenue, East
Cleveland, Ohio 44114-1401

**ATTORNEYS FOR APPELLEE**

James F. Koehler
Philip Wesley Lambert
Koehler Neal L.L.C.
3330 Erieview Tower
1301 East Ninth Street
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellants Princeton Trading Group, Inc. and John Boyer (collectively referred to as "Princeton") appeal the trial court's refusal to stay the matter for arbitration and assign the following error for our review:

**The trial court erred as a matter of law in denying defendants' motion**

**to stay and compel arbitration.**

**{¶2}** After reviewing the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

### Facts

**{¶3}** On June 27, 2011, appellee Donald D. Anthony, M.D. ("Anthony") filed a complaint against Princeton and its owner John Boyer, along with two of Princeton's former employees, Frank Paterno and Jason Alexis, for breach of fiduciary duties, breach of contract, negligence, fraud, and a violation of the Ohio Consumer Sales Practices Act. The claims arose from Princeton purchasing and trading precious metals on Anthony's behalf. Anthony contended that Princeton without authority to do so, sold his interest in a quantity of silver bullion and purchased palladium with the sales proceeds, after which the prices for the palladium dropped dramatically, while the price for silver increased two-fold.

**{¶4}** In response to the complaint, Princeton filed a motion to stay and compel arbitration pursuant to R.C. Chapter 2711, arguing that the parties' relationship was governed by the terms of the Customer Account agreement. The document referred to by

Princeton is not titled as an agreement, but as a "Customer Account Documentation" in which the customer, in this case, Anthony provided information to Princeton. Within the document is an arbitration provision stating that the parties agreed to resolve disputes via binding arbitration to be conducted in Palm Beach County, Florida, and that Florida law would govern the relationship. Anthony was the only party to sign the agreement. There is no signature by a Princeton representative.

{¶5} In his brief in opposition, Anthony argued that, 1) he did not agree to the arbitration disputes arising from his metal trading account, 2) the arbitration provision failed to set forth the terms of arbitration, 3) he was induced by fraud to sign the agreement as he was assured by Princeton's representative that it was safe to invest with Princeton, when in reality during the time he was solicited and provided Princeton with checks to purchase silver, Princeton was being sued in federal court for running a "Ponzi" scheme, and 4) Princeton waived its right to arbitration. The trial court denied Princeton's motion to stay and compel arbitration without opinion.

### Enforcement of Arbitration Provision

{¶6} In its sole assigned error, Princeton argues the trial court erred as a matter of law in denying its motion to stay and compel arbitration.

{¶7} "In determining whether the trial court properly denied or granted a motion to stay the proceedings and compel arbitration, the standard of review is whether the order constituted an abuse of discretion." *Bentley v. Cleveland Browns Football Co., L.L.C.*, 194 Ohio App.3d 826, 2011-Ohio-3390, 958 N.E.2d 585, ¶10 (8th Dist.) "Abuse of

discretion" implies more than a mere error of judgment or law, but indicates that the trial court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 140 (1983).

{¶8} The arbitration provision in the instant case stated as follows:

**The parties agree that any disputes relating to this account will be submitted to binding arbitration. The venue for any such arbitration shall be exclusive in the State of Florida and all parties agree that any arbitration award entered shall be binding and convertible to a State of Florida judgment subject to the laws of the State of Florida and further subject to any modifications thereof permissible thereunder. The parties hereby accordingly waive their right to any other remedy or to proceed with any court actions and further hereby waive jurisdiction and venue. This account and the activities contemplated hereunder shall be governed by the substantive and procedural laws of Palm Beach County, the State of Florida without respect to Florida conflict of law rules and venue of any dispute resolution shall likewise be in Palm Beach County, State of Florida without respect to Florida conflict of law rules.**

{¶9} Princeton argues the provision is contained within a valid written contract and that Anthony, by his signature, agreed to be bound by the arbitration provision. We disagree that the arbitration provision is contained within a contract.

**{¶10}** Pursuant to Anthony's affidavit attached to his motion in opposition, he stated that he received numerous telephone calls from a Princeton representative to persuade him to invest in precious metals. He eventually agreed to open an account with Princeton to purchase precious metals.

**{¶11}** He was sent a document entitled, "Customer Account Documentation." There are three parts to the document. The first section entitled "Customer Information," contains blank spaces for Anthony to set forth his name, address, and telephone numbers. This section bears no signature or initials.

**{¶12}** The second section of the document is entitled "Customer Profile." It requests information such as the applicant's occupation, employer, and certain financial disclosures. Anthony's signature appears on this page but only to attest that the information he provided was "true and correct."

**{¶13}** The third section is entitled "Risk Factors and Disclosure Statement." The section contains statements regarding market fluctuations, risk, fee delivery charges, and financing. It also contains the alleged arbitration provision. The third section was separately initialed and signed by Anthony, but not signed by a Princeton representative. His signature was underneath an acknowledgment that he "read and understand[s] the foregoing risk factors and disclosures related to investing in precious metal investments." Thus, his signature did not obligate him to open an account, but merely attested to the risks and fees involved. Anthony stated in his affidavit that he did not understand the document to be a binding contract. In fact, there is nothing in the document to alert

Anthony that the document was a contract; there is no language that the parties were agreeing to certain terms.

{¶14}  "While policy prefers enforcement of an arbitration clause, that clause may be invalidated upon grounds existing in law or equity where the contract itself is invalid. R.C. 2711.01(A)."  *Hanson v. Valley View Nursing & Rehab. Ctr.*, 9th Dist. No. 23001, 2006-Ohio-3815.  A party cannot be compelled to arbitrate a dispute that he or she has not contracted to arbitrate.  *Henderson v. Lawyers Title Ins. Corp.*, 108 Ohio St.3d 265, 2006-Ohio-906, 843 N.E.2d 152, ¶ 28; *Joseph v. M.B.N.A.  Am. Bank*, 148 Ohio App.3d 660, 2002-Ohio-4090, 775 N.E.2d 550 (8th Dist.), citing *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

{¶15}  We conclude the Customer Account Document is not a contract but a means for collecting information about potential customers.  The document even states that "The purchase of precious metals is not suitable for all individuals because of the risk involved and the long term nature of the purchase.  Please complete the following questions so we can *determine* if precious metals are a suitable investment for you."  Document, p. 2. (Emphasis added.)  Thus, this clause indicates that the document is for gathering information on potential customers and does not obligate Anthony to invest in precious metals or Princeton to open an account on his behalf because it was not yet determined if Anthony was a suitable investor.  Although Anthony did eventually send Princeton a check, and it appears Princeton purchased metals in his name, this document

did not obligate either party to perform. Whether any other documents were exchanged is not apparent on the record.

{¶16} "[T]he formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Harmon v. Phillip Morris, Inc.*, 120 Ohio App.3d 187, 697 N.E.2d 270 (8th Dist.1997), quoting Restatement of the Law 2d, Contracts, Section 17 (1981). "Consideration may consist of either a detriment to the promisee or a benefit to the promisor. A benefit may consist of some right, interest or profit accruing to the promisor, while a detriment may consist of some forbearance, loss or responsibility given, suffered or undertaken by the promisee." *Brads v. First Baptist Church*, 89 Ohio App.3d 328, 336, 624 N.E.2d 737 (2d Dist. 1993). Here, because there is no consideration as neither party is obligated to perform, the document does not constitute a valid contract to which the arbitration provision would apply. The arbitration provision serves no purpose because there are absolutely no terms agreed to in the document that would be subject to the arbitration provision. As we stated, a party cannot be compelled to arbitrate a dispute that he or she has not contracted to arbitrate. Accordingly, Princeton's sole assigned error is overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER,    J., and
MARY EILEEN KILBANE, J., CONCUR