[Cite as *Cabrera v. Charter Communications, L.L.C.*, 2022-Ohio-2947.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KATHLEEN CABRERA | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2022CA00010 |
| CHARTER COMMUNICATIONS, LLC,<br>ET AL. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
                              Common Pleas, Case No. 2021-CV-
                              00244


JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       August 22, 2022


APPEARANCES:


For Plaintiff-Appellant              For Defendants-Appellees

BRIAN D. SPITZ                       R. NELSON WILLIAMS
Rocco Screnci                        One U.S. Bank Plaza, Suite #2700
Spitz, The Employee's Law Firm       St. Louis, Missouri 63101
25825 Science Park Drive, Suite #200
Beachwood, Ohio 44122

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant Kathleen Cabrera appeals the January 7, 2022 Judgment Entry entered by the Stark County Court of Common Pleas, which granted defendants-appellees Charter Communications, LLC, et al.'s Motion to Stay Proceedings and to Compel Arbitration.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On December 10, 2019, Appellant completed an online application for an assistant store manager position with Appellee Charter Communications, LLC ("Charter").

**{¶3}** The application included a provision titled "Charter's Solution Channel," which read:

Charter requires that all legal disputes involving employment with Charter or application for employment with Charter, be resolved through binding arbitration. Charter believes that arbitration is a fair and efficient way to resolve these disputes. *Any person who submits an application for consideration by Charter agrees to be bound by the terms of Charter's Mutual Arbitration Agreement*, where the person and Charter mutually agree to submit any covered claim, dispute, or controversy to arbitration. *By submitting an application for consideration you are agreeing to be bound by the Agreement.* (Emphasis added).

**{¶4}** After reviewing this statement, Appellant had the option to respond either "I agree" or "I do not agree." Next to the words "I do not agree" were two asterisks. The legend corresponding to the asterisks noted: "If you do not agree you will be removing

yourself from the application process, and Charter will not consider your application for employment." Appellant selected "I agree." Prior to selecting either option, Appellant was provided with links to download, review, and print the Mutual Arbitration Agreement ("Arbitration Agreement").

{¶5} Appellant's application was submitted for review, and she was subsequently offered employment with Charter. As a condition of the offer of employment, Appellant was required to complete Charter's pre-employment onboarding process. The onboarding process included the completion on electronic paperwork and the review of documents pertaining to prospective employment with Charter. On January 2, 2020, Appellant received an email inviting her to set up an account in the onboarding system to continue the hiring process. Appellant created her onboarding account on the same day.

{¶6} The onboarding process required Appellant to complete a series of individual tasks through which Appellant provided additional information necessary for Charter's hiring records. Included in these tasks, Appellant reviewed a section captioned "Arbitration Agreement," which provided:

> We strive to create a work environment where you can develop your career while feeling valued as both an individual and as part of the Charter community. When workplace conflicts do arise, we try to resolve them through our Open Door process. For issues that cannot be resolved internally, we have established a system that seeks resolution via a neutral arbitrator. Upon acceptance of employment, you agree to resolve most disputes through arbitration versus the court system. Additional information

on the process can be found within the Mutual Arbitration Agreement which commits both you and Charter to the arbitration process.

Please select "Save and Continue" to review and acknowledge the Mutual Arbitration Agreement, as well as save a copy for your records.

{¶7} Appellant selected "Save and Continue," which prompted the onboarding system to display the Arbitration Agreement. At the end of the Arbitration Agreement, Appellant checked the box, indicating "I acknowledge that I have read and understood this policy." An applicant cannot complete the onboarding process without selecting this acknowledgement. Appellant completed the onboarding process thereby accepting Charter's offer of employment. If an applicant does not complete the onboarding process, the individual cannot become a Charter employee.

{¶8} Charter hired Appellant as an assistant manager in its Canton, Ohio store. Appellee Jami Morrison ("Morrison") was the Canton store manager. In May, 2020, Appellant informed Charter and Morrison she was pregnant and her due date was January 4, 2021. During this same time, Appellant began to have issues with Jessica Teeple ("Teeple"), another Charter employee.[1] Teeple made a complaint against Appellant to management. During the investigation into Teeple's complaint, Appellant advised Morrison and Charter's district manager Teeple was harassing her and calling her 14-year-old daughter derogatory names. According to Appellant, neither Charter nor Morrison properly handled the Teeple matter.

---

[1] Teeple is not a party to this Appeal.

{¶9}  On August 4, 2020, Appellant was physically assaulted by a customer. Although Appellant's doctor wanted to immediately schedule an ultrasound, Morrison informed Appellant she was required to finish her shift before seeking medical attention. On September 3, 2020, Appellant's employment with Charter was terminated.  Appellant was informed she was being terminated for violating Charter's "Code of Conduct."

{¶10}  On March 1, 2021, Appellant filed a complaint, naming Charter, Morrison, and Teeple as defendants.  The complaint alleged, inter alia, pregnancy discrimination, wrongful termination, and hostile work environment/gender discrimination, retaliatory discrimination, and intentional infliction of emotional distress.  Appellant sought reinstatement and damages.

{¶11}  On April 30, 2021, Appellees filed a Motion to Stay Proceedings and Compel Arbitration.  Appellant filed a brief in opposition on May 7, 2021.  Appellees filed a reply memorandum on May 27, 2021.  The trial court conducted a hearing on September 23, 2021.  The parties filed post-hearing briefs in support of their respective positions.

{¶12}  Via Judgment Entry filed January 7, 2022, the trial court granted Appellees' Motion to Stay Proceedings and to Compel Arbitration.  The trial court found "[b]ased upon the language in Cabrera's employment application and her affirmative representation indicating that she agreed to be bound by the arbitration agreement," a valid contract to arbitrate existed between the parties.  Judgment Entry at 6.

{¶13}  It is from this judgment entry Appellant appeals, raising as her sole assignment of error:

THE TRIAL COURT ERRED IN GRANTING CHARTER COMMUNICATIONS, LLC'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION. (1/7/22 JUDGMENT ENTRY).

I

{¶14} In her sole assignment of error, Appellant contends the trial court erred in granting Appellees' motion to stay proceedings and compel arbitration. Specifically, Appellant argues Appellees failed to prove a valid agreement to arbitrate existed between the parties.

*Standard of Review*

{¶15} When reviewing a challenge to an arbitration clause, the appropriate standard of review depends on "the type of questions raised challenging the applicability of the arbitration provision." *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, 2012 WL 1142880, ¶ 7. Generally, an abuse of discretion standard applies in limited circumstances, such as a determination a party has waived its right to arbitrate a given dispute. *Id.* (Citation omitted). However, the issue of whether a controversy is arbitrable under an arbitration provision of a contract is a question of law for the court to decide; therefore, the standard of review on those issues is de novo. *Church v. Fleishour Homes, Inc.,* 5th Dist. Stark No. 2006–CA–00233, 2007-Ohio-1806, ¶ 9. "Under a de novo standard of review, we give no deference to a trial court's decision." *Hedeen v. Autos Direct Online, Inc.*, 8th Dist. Cuyahoga No. 95751, 2014-Ohio-4200, ¶ 9 (Citations omitted). When the validity of an arbitration agreement is in question, the determination involves a mixed question of law and fact. *Scott v. Kindred Transitional*

*Care & Rehab.,* 8th Dist. Cuyahoga No. 103256, 2016–Ohio–495, ¶ 4 (Citation omitted).

Any factual findings regarding the circumstances surrounding the making of the contract

should be reviewed with great deference. See, *Taylor Bldg. Corp. of Am. v. Benfield,* 117

Ohio St.3d 352, 2008–Ohio–938, ¶ 38.

**{¶16}** Regardless of whether we apply the abuse of discretion or de novo standard

of review, for the reasons set forth below, we find the trial court did not err in granting

Appellees' motion to compel arbitration. See, *Bentley v. Cleveland Browns Football Co.*,

194 Ohio App.3d 826, 2011-Ohio-3390, 958 N.E.2d 585, ¶ 13 (8th Dist.).

*Analysis*

**{¶17}** "Arbitration is a favored form of dispute settlement under Ohio law and

federal law." *Fifth Third Bank v. Rowlette*, 10th Dist. Franklin No. 13AP-337, 2013-Ohio-

5777, ¶ 7, citing *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 500, 1998-Ohio-612;

*Preston v. Ferrer*, 552 U.S. 346, 353, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008). R.C.

Chapter 2711 governs arbitration. R.C. 2711.01 provides arbitration clauses "shall be

valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for

the revocation of any contract." R.C. 2711.02(B) provides:

>      If any action is brought upon any issue referable to arbitration under
> an agreement in writing for arbitration, the court in which the action is
> pending, upon being satisfied that the issue involved in the action is
> referable to arbitration under an agreement in writing for arbitration, shall on
> application of one of the parties stay the trial of the action until the arbitration

of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶18} "By the plain language of these provisions, prior to making any determination regarding the arbitrability of any issue raised by the parties' claims, a court must first determine whether the written arbitration agreement being invoked is in fact enforceable under basic contract precepts." *Benjamin v. Pipoly,* 155 Ohio App.3d 171, 2003–Ohio–5666, ¶ 31. Because arbitration is a matter of contract, a party cannot be required to submit to arbitration any dispute which he has not agreed in writing to arbitrate. *Council of Smaller Enterprises v. Gates McDonald & Co.*, 80 Ohio St.3d 661, 665, 1998–Ohio–172, 687 N.E.2d 1352; *I Sports v. IMG Worldwide, Inc.*, 157 Ohio App.3d 593, 2004–Ohio–3113, ¶ 10. "Therefore, when deciding whether a party has agreed to arbitrate, courts should apply ordinary principles that govern the formation of contracts." *Gibbs v. Firefighters Community Credit Union*, 8th Dist. Cuyahoga No. 109929, 2021-Ohio-2679, 177 N.E.3d 294, ¶ 14 (Citations omitted).

{¶19} "A valid arbitration agreement, like any contract, requires an offer and acceptance that is supported by consideration and is premised on the parties' meeting of the minds as to the essential terms of the agreement." *Id.* (Citations omitted). Consideration may consist of either a detriment to the promisee or a benefit to the promisor. *Doe v. Canton Regency*, 5th Dist. Stark No. 2010CA00095, 2011-Ohio-53, ¶ 10 (Citation omitted). "[T]he party moving for arbitration has the burden of establishing the existence of an enforceable arbitration agreement between it and the party against

whom the moving party seeks enforcement." *Miller v. Cardinal Care Mgt.*, 8th Dist. Cuyahoga No. 107730, 2019-Ohio-2826, 2019 WL 3046127, ¶ 34 (Citation omitted).

**{¶20}** While completing her online application for employment with Charter, Appellant was presented with the following:

Charter requires that all legal disputes involving employment with Charter or application for employment with Charter, be resolved through binding arbitration. Charter believes that arbitration is a fair and efficient way to resolve these disputes*. Any person who submits an application for consideration by Charter agrees to be bound by the terms of Charter's Mutual Arbitration Agreement*, where the person and Charter mutually agree to submit any covered claim, dispute, or controversy to arbitration. *By submitting an application for consideration you are agreeing to be bound by the Agreement.* (Emphasis added).

**{¶21}** Appellant selected "I agree." By doing so, Appellant acknowledged the Arbitration Agreement was a condition of employment and understood "[i]f [she did] not agree [she would] be removing [herself] from the application process, and Charter [would] not consider [her] application for employment." We find the express terms of the application for employment demonstrate Charter's willingness to enter into a bargain. Specifically, Charter offered to review Appellant's application in exchange for her agreement to be bound by the Arbitration Agreement. Arbitration became an accepted term of the ongoing contract negotiations.

**{¶22}** During the onboarding process, Appellant again was instructed to review the Arbitration Agreement:

We strive to create a work environment where you can develop your career while feeling valued as both an individual and as part of the Charter community.  When workplace conflicts do arise, we try to resolve them through our Open Door process.  For issues that cannot be resolved internally, we have established a system that seeks resolution via a neutral arbitrator.  Upon acceptance of employment, you agree to resolve most disputes through arbitration versus the court system.  Additional information on the process can be found within the Mutual Arbitration Agreement which commits both you and Charter to the arbitration process.

Please select "Save and Continue" to review and acknowledge the Mutual Arbitration Agreement, as well as save a copy for your records.

**{¶23}** Appellant selected "Save and Continue," which prompted the onboarding system to display the Arbitration Agreement.  At the end of the Arbitration Agreement, Appellant checked the box indicating "I acknowledge that I have read and understood this policy."  Appellant could not complete the onboarding process without selecting this acknowledgement.  By completing the onboarding process, Appellant accepted Charter's offer of employment and agreed to be bound by the terms of employment.  If Appellant did not complete the onboarding process, Charter would not have hired her.

{¶24} The Arbitration Agreement was a preliminary agreed upon term between Charter and Appellant. Had Appellant not agreed to the Arbitration Agreement, Charter would not have considered her application for employment. The Arbitration Agreement was complete in and of itself and did not need to be incorporated into the employment contract. See, *Martindale v. Sandvik, Inc.,* 173 N.J. 76, 86, 800 A.2d 872 (2002). "Courts in many other jurisdictions have held that an arbitration provision, contained in an application for employment and in the absence of a separate employment agreement, constituted a valid and enforceable contract. *See generally, Bradford v. KFC Nat'l Mgmt. Co.,* 5 *F.Supp.*2d 1311, 1315 (M.D.Ala.1998) (holding that plaintiff signed and agreed to arbitration agreement when she applied for employment with defendant); *Fuller v. Pep Boys–Manny, Moe & Jack of Delaware, Inc.,* 88 *F.Supp.*2d 1158, 1162 (D.Colo.2000) (compelling arbitration pursuant to arbitration provision contained solely in application for employment); *Sheller v. Frank's Nursery & Crafts, Inc.,* 957 *F.Supp.* 150, 154 (N.D.Ill.1997) (rejecting plaintiff's argument that because arbitration clause was located in employment application that was not contract of employment, there was no contractual agreement to arbitrate claims against employer and holding that employment application qualified as valid and enforceable contract to arbitrate); *DeGroff v. MascoTech Forming Techs.-Fort Wayne, Inc.,* 179 *F.Supp.*2d 896, 902–04 (N.D.Ind.2001) (compelling arbitration after finding that employee was bound by arbitration provision contained in documents signed during application process)." *Id.* at 86-87.

{¶25} We find "the creation of an employment relationship, which is achieved when the employer agrees to consider and/or agrees to hire the applicant for employment, is sufficient consideration to uphold an arbitration agreement contained in an employment

application." *Id.* at 88 (Citations omitted). We further find the Arbitration Agreement contained in the employment application, to which Appellant agreed, was supported by consideration in the form of Charter's willingness to consider her for employment. Although Charter was under no obligation to actually hire Appellant, Charter's consideration of her employment application, its extension of an offer, the commencement of employment, as well as her on-going employment constituted sufficient consideration to support the parties' agreement to arbitrate their disputes. The Arbitration Agreement is binding, as would be any other contractual term not contrary to public policy contained in a signed employment application that led, as here, to employment.

**{¶26}** Based upon the forgoing, we find the trial court did not err in granting Appellees' Motion to Stay Proceedings and to Compel Arbitration Appellant's sole assignment of error is overruled.

**{¶27}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, John, J. and

Delaney, J. concur